No. 781

HENSON et v. HENSON, Exr.

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1432. Decided April 15, 1927.

First Publication of this Opinion.

485. EXECUTORS AND ADMINISTRATORS—1. When courts of foreign State have jurisdiction to pass upon account of executor, such account is, in absence of fraud, binding upon Ohio Courts.

2. When indebtedness due deceased cannot be collected except by ancillary administration in foreign state, such proceedings, and expenses incident thereto, are proper.

Appeal from Probate Court.
Error to Common Pleas.
Judgment affirmed.

Wilbur G. Hyde and L. B. Yaple, Chillicothe, for plaintiffs in error.
James C. Nicholson, Columbus, for defendant in error.

ALLREAD, J.

This case originated in the Franklin Probate Court upon exceptions to the account of Ralph Henson as executor of Thomas Henson, deceased. The Probate Court approved the account, and an appeal was taken to the Common Pleas Court, the findings being substantially the same as in the Probate Court.

Thomas Henson and his wife executed separate wills, Mrs. Henson died in Florida and her body was brought to Ohio for interment. Ralph Henson was appointed executor of her estate in Florida. Thomas Henson became a resident of Ohio and died a short time thereafter. No steps were taken for the settlement of Mrs. Henson's estate until after the death of her husband. Under her will, her property passed to her surviving husband, except for certain bequests. Shortly after the death of Thomas Henson, his will was probated in Franklin County, Ohio, and Ralph Henson was appointed executor under said will. There was certain property in Illinois which was originally owned by Thomas Henson, and his wife, Missouri Henson; and the interest of the latter passed to Thomas Henson, subject to the administration of her estate and to the payment of said legacies. The property in

Illinois was sold, upon application of the executor, as the property of Thomas Henson, and the proceeds was transmitted to Ralph Henson, as executor.

Subsequnetly, the executor accounted for so much of the proceeds of the Illinois real estate as belonged to Mrs. Henson at the time of her decease. Certain indebtedness of parties residing in Volusia County, Florida, in favor of Thomas Henson, was made the basis of an ancillary administration, and resulted in the collection of $1370.70, all of which was accounted for in the courts of Volusia County, Florida.

The principle question presented by plaintiffs in error is whether, Ralph Henson, as executor of Thomas Henson, should have accounted in Franklin County, for the entire proceeds of the sales of real estate made in Illinois; the duplicate administrations and the consequent pyramiding of costs and expenses, being necessary.

The inquiry here is whether the Courts of Volusia County, Florida, had jurisdiction to settle the estate of Missouri Henson and to draw into that estate the interest, of which she died seized, in the Illinois land; and whether that court had jurisdiction to appoint an ancillary administrator for Thomas Henson.

The executor of the will of Missouri Henson accepted, received and accounted for the portion of the proceeds of the sale of her real estate. The courts of Volusia County, Florida, had jurisdiction to pass upon the account of the executor of Missouri Henson and make allowances for expenses. This account would, in the absence of fraud, be binding upon the Ohio courts. The evidence, in the court below, was insufficient to sustain the contention of fraud.

The evidence shows that the indebtedness due Thomas Henson, could have been collected only by an ancillary administrator in the State of Florida, and that the only funds which went into this ancillary administration were those situated in Florida.

(Ferneding and Kunkle, JJ., concur.)